### No. 13,677.

### EMANCIPATION OF HELEN LANE LEE.

#### SYLLABUS.

The tutrix and her ward differ regarding the latter's ability to manage her own business affairs properly. The question is whether the minor has had sufficient experience. Witnesses are not in accord in this respect. Near relatives testify that she has the capacity to take proper care of her interests as an emancipated minor. Others, equally as near, testify that in view of her inexperience and youth, her property should remain in charge of the tutrix.

The minor has not sustained her application by a preponderance of proof. The court holds that there is no good cause for emancipation.

APPEAL from the Civil District Court, Parish of Orleans— King, J.

---

Charles Loque for Miss Helen Lane Lee, the Minor, Plaintiff, Appellant.

---

Thomas M. Miller for Mrs. Eliza Jane Lytle, Dative Tutrix, Appellee.

---

The opinion of the court was delivered by

Breaux, J. The minor sues for a judgment of emancipation and to

be relieved from the legal disabilities attending minority. Her father and mother departed this life some time since. Mrs. Eliza Jane Lytle, her maternal grandmother, is her tutrix.

The minor alleges in her petition that she inherited property from the estates of her mother and father which she is capable of managing. The property of these two estates consists of a dwelling house valued at seventeen thousand five hundred dollars, other real estate of no great value, and some bonds in the possession of her tutrix. This property is held in indivision, in equal portions, by petitioner and a younger brother and sister.

Her grandmother, the tutrix, answered the petition and specially denied that petitioner is capable of managing her own affairs. She avers, in substance, that she is wanting in experience sufficient properly to take care of her interests and see after her property. She charges that the disposition of her granddaughter and ward is to extravagance; that she has no idea of the value of money; and that if she be given the control of her property as owner, it will, in a short time, be expended and squandered.

The grandmother and tutrix alleges that if the objection of the petitioner is to her as tutrix, she will resign in favor of any one the court may see proper to appoint. This grandmother was a witness in the case and said quite earnestly, in substance, that petitioner was sadly in need of the experience and training necessary properly to take care of her interests; that she was not unnecessarily restrained; that she receives the most friendly treatment; and that her condition could not be improved by emancipation. The two younger children reside with this grandmother who is their tutrix. The old lady, who is seventy-two years of age, is corroborated by her son, who is an uncle of petitioner and who swears emphatically that because of her inexperience she is not capable of managing her own affairs. A paternal uncle and an aunt are equally positive that she has all the experience and capacity needful to the proper management of her affairs.

.Petitioner, in her own behalf, as a witness, testified and by her testimony shows that she is conversant with the limited business and property which is now in the hands of her tutrix.

The judgment of the District Court rejected petitioner's demand, and from this judgment she prosecutes this appeal.

After the age laid down in the statute, a minor, it is true, may be emancipated, but the age itself is not exclusively to be considered. It

must appear conclusively that the minor has the capacity to dispose of his property to good advantage and properly to manage his affairs.

To the opposition of the grandmother must be given some weight and unless it is manifestly unreasonable, it will not be disregarded and emancipation decreed. In our view, it is advisable to let things remain without dissolving the legal tie between these parties. The management of the property, in so far as the evidence discloses, is about all that has given rise to any difference of opinion between the grandmother and granddaughter. We judge that the property is now in safe hands. While it would be, perhaps, equally as well taken care of by petitioner and her interests be equally as well safe guarded by her as an emancipated minor, in view of her inexperience and youth, we are not of the opinion that she should be relieved from the disabilities of minority.

The prudence of age and experience sometimes have their special value. We can not imagine it more useful and important than in seeking to protect the young to whom it owes special protection both under the terms of the law and because of family ties.

It is creditable to the young petitioner that, though doubtless anxious to be emancipated, she has not sought to prove that her grandmother, on account of her age, is incapable of administering as tutrix. On that score, the testimony does not show that there is the least ground for complaint. We feel justified in concluding that the tutrix is quite capable of seeing to the interests of this minor. We have no reason to conclude, as, in substance, stated before, that the respondent tutrix is not properly administering in the interest of her minor ward. If we had, our decree would be for the petitioner. The testimony leads us to infer that the grandmother manifests proper solicitude for her granddaughter.

With reference to this minor, her own testimony, though intelligently and clearly expressed, does not justify the opinion that she has any settled plan about the disposition or management of her property, which renders it at all important to sustain her demand. There is a divergence of views among her nearest relatives regarding the advisability of her emancipation, but only because of her inexperience in business matters.

Considering the testimony and the jurisprudence upon the subject, we have concluded that it is proper and legal to deny the emancipation. A constant jurisprudence upon the subject has decided that the

*onus* of proof is with the petitioner for emancipation to satisfy the court that there is good cause for emancipation. We quote excerpts from two leading opinions upon this subject:

"The welfare of the minor will be promoted by the decree refusing emancipation." In the matter of Amelia and Virginia Seghers, 10 A. 423.

"We deem it sufficient to indicate in our opinion that the minor has not made out a case entitling him to be emancipated." Emancipation of Pochelu, 41 Ann. 321.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed at appellant's costs.

PROVOSTY, J., takes no part, this case having been submitted prior to his taking his seat on this bench.